UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARY ANN SALMON, | Case No.: 10-CV-03636-LHK |
| Plaintiff, | |
| v. | ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | |

Plaintiff Mary Anne[1] Salmon ("Plaintiff") brings this action to obtain review of the Social Security Administration Commissioner's December 4, 2009 final decision denying her claim for disability insurance benefits. Plaintiff seeks an order reversing the final decision of the Commissioner and awarding benefits, or alternatively remanding for a new hearing. Presently before the Court are the parties' cross-motions for summary judgment. Having considered the parties' papers and the administrative record, the Court DENIES Plaintiff's motion for summary judgment, ECF No. 13 (Pl.'s Mot.), and GRANTS Defendant's cross-motion for summary judgment, ECF No. 16 (Def.'s Cross-Mot.).

**I.     Procedural and Factual Background**

This is the second time Plaintiff's application for disability insurance benefits has been judicially reviewed. The facts are taken from the administrative record.

Plaintiff was born in 1943 and has more than a high school education. AR 250-51. Plaintiff worked for Sun Microsystems as a marketing coordinator until November 2002, when she was laid off. AR 62, 251. Her past work experience includes employment as an office manager,

---

[1] Although Plaintiff's middle name is spelled "Ann" in the complaint, the Court notes that Plaintiff's middle name appears to be spelled "Anne" in her signature, *see, e.g.*, AR 34, and in her medical records. *See, e.g.*, AR 172. Accordingly, the Clerk shall update the case caption to reflect the correct spelling of Plaintiff's middle name: "Anne".

1

leasing agent, and marketing coordinator. AR 103, 335. Plaintiff alleges she was disabled by, among other things, degenerative disk disease, chronic back pain, anxiety, depression, and post-traumatic stress disorder resulting from an automobile accident in May 2003. AR 312, 423. Plaintiff alleges a disability onset date of May 5, 2003. AR 51.

Plaintiff originally filed an application for disability insurance benefits on September 8, 2003. AR 51-54. After holding a hearing, Administrative Law Judge ("ALJ") Rogozen denied Plaintiff's application on October 4, 2005, finding that Plaintiff was not disabled. AR 21. On judicial review, Judge Fogel affirmed the ALJ's decision denying disability benefits. *Salmon v. Astrue (Salmon I)*, Case No. 06-CV-2111-JF (N.D. Cal. Mar. 29, 2007).

Plaintiff appealed Judge Fogel's decision to the Ninth Circuit, which reversed and remanded. *Salmon v. Astrue (Salmon II)*, 309 F. App'x 113 (9th Cir. Jan. 16, 2009). A Ninth Circuit panel found that the ALJ did not err in weighing the medical testimony concerning Salmon's asserted physical impairment, and specifically that the ALJ did not err in discounting the testimony of Plaintiff's physician, Dr. Ronald Greenwald, M.D. *Id.* at 115. However, a majority of the panel found that the ALJ erred by: (1) improperly weighing the evidence regarding Plaintiff's claim of mental impairment, *id.* at 114, and (2) improperly rejecting Plaintiff's pain testimony. *Id.* at 115. Accordingly, the majority "reversed and remanded for reconsideration of the determination of Salmon's mental capacity with instructions to accept Salmon's pain testimony as true" because "[t]he level of her pain may have a bearing on her depression and overall mental problems." *Id.* at 116.

On December 9, 2009, after a hearing and upon reconsideration of the entire record, the ALJ again denied disability insurance benefits. AR 320. Specifically, the ALJ weighed the evidence regarding Plaintiff's mental impairment and found that:

> [Plaintiff] was limited to lifting and carrying no more than 10 pounds occasionally and no more than objects of minimal weight frequently. The [Plaintiff] was also limited to standing and/or walking no more than 2 hours total in an 8-hour workday, and sitting no more than 6 hours total in an 8-hour workday. The [Plaintiff's] anxiety, depression, and chronic pain combined to result in mild restriction of her ability to understand, remember, and carry out the highly complex and detailed tasks characteristic of skilled work; mild restriction on her ability to maintain the attention and concentration necessary to perform the highly complex and detailed tasks

characteristic of skilled work; and mild restriction of her ability to cope with the work stress attendant to skilled work.

AR 311. Thus, the ALJ found that Plaintiff was capable of performing her past relevant work as an office manager, as this work did not require the performance of work-related activities precluded by Plaintiff's residual functional capacity. AR 319. As such, the ALJ concluded that Plaintiff was not disabled at any time between May 5, 2003, the alleged onset date, and December 31, 2005, the date Plaintiff was last insured. AR 319.

Plaintiff sought review of the ALJ's 2009 decision before the Appeals Council, but the Appeals Council declined to review the decision. AR 289-291. Plaintiff filed the instant complaint on August 18, 2011. ECF No. 1. Plaintiff filed her motion for summary judgment on February 15, 2011. ECF No. 13. Defendant filed his cross-motion for summary judgment on April 15, 2011. ECF No. 16. Plaintiff filed her reply on April 28, 2011. ECF No. 17.

## II.     Legal Standards

### A.   Standard for Reviewing the ALJ Decision

The Court has authority to review the ALJ decision pursuant to 42 U.S.C. § 405(g). The Court may only disturb the ALJ decision if it is unsupported by substantial evidence in the record as a whole or if it is not an application of the proper legal standard. 42 U.S.C. § 405(g); *Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). If the evidence supports more than one rational interpretation, the Court must uphold the ALJ's conclusion. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *Matney v. Sullivan,* 981 F.2d 1016, 1019 (9th Cir. 1992).

### B.   Standard for Determining Disability

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A) (emphasis added). The impairment must also be so severe that a claimant is unable to do her previous work, and cannot "engage in any

other kind of substantial gainful work which exists in the national economy," given her age, education, and work experience. 42 U.S.C. § 423(d)(2)(A). "The claimant carries the initial burden of proving a disability." *Ukolov v. Barnhart*, 420 F.3d 1002, 1004 (9th Cir. 2005). If the claimant proves a prima facie case of disability, showing that (1) she is not presently engaged in a gainful activity, (2) that her disability is severe, and (3) that she cannot perform work she has done in the past, then the Commissioner has the burden of establishing that she can perform "a significant number of other jobs in the national economy." *Thomas v. Barnhart*, 278 F.3d 947, 955 (9th Cir. 2002).

The ALJ evaluates Social Security disability cases using a five-step evaluation process. 20 C.F.R. § 404.1520.

1. The ALJ must first determine whether the claimant is presently engaged in substantially gainful activity. 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled; otherwise the evaluation proceeds to step two.

2. The ALJ must determine whether the claimant has a severe impairment or combination of impairments. 20 C.F.R. § 404.1520(c). If not, the claimant is not disabled; otherwise the evaluation proceeds to step three.

3. The ALJ must determine whether the claimant's impairment or combination of impairments meets or medically equals the requirements of the Listing of Impairments, 20 C.F.R. § 404, subpart P, app. 1. 20 C.F.R. § 404.1520(d). If so, the claimant is disabled; otherwise the analysis proceeds to step four.

4. The ALJ must determine the claimant's residual functional capacity despite limitations from the claimant's impairments. 20 C.F.R. § 404.1520(e). If the claimant can still perform work that the individual has done in the past, the claimant is not disabled. If he cannot perform the work, the evaluation proceeds to step five. 20 C.F.R. § 404.1520(f).

5. In this step, the Commissioner has the burden of demonstrating that the claimant is not disabled. The Commissioner must show that the claimant can perform

some substantial gainful work in the national economy, considering a claimant's age, education, and vocational background. 20 C.F.R. § 404.1520(g)(1).

### III. Analysis

In this case, the ALJ found that Plaintiff was not engaged in substantially gainful work, assumed that Plaintiff had a severe combination of impairments, and determined that Plaintiff's combination of impairments did not meet or medically equal the requirements of the Listing of Impairments. Accordingly, at step four of the five step evaluation process, the ALJ determined Plaintiff's residual functional capacity, found that Plaintiff could perform her past work, and concluded that Plaintiff was not disabled. Plaintiff argues that the ALJ improperly: (1) failed to credit Plaintiff's pain testimony as true when determining Plaintiff's physical impairment; (2) rejected an evaluating physician's testimony concerning Plaintiff's mental impairment without specific and legitimate reasons; and (3) improperly weighed the evidence in determining that Plaintiff's residual function capacity did not preclude her from working as an office manager. The Court addresses these arguments in turn.

**A. The Scope of the Ninth Circuit's Remand Was Limited to Mental Impairment**

The ALJ "adopt[ed] the exertional limitations defined in [his] October 5, 2005 [decision], and incorporated by reference the explanation and rationale contained in that decision for its finding that the claimant retained an exertional residual functional capacity for a full range of sedentary work." AR 311.

Plaintiff contends that the ALJ failed to follow the Ninth Circuit's instructions on remand by adopting his prior finding regarding Plaintiff's exertional residual functional capacity. Pl.'s Mot. 7. Specifically, Plaintiff argues that the ALJ was obligated to accept Plaintiff's testimony regarding her physical limitations "on sitting, standing, and walking," as true because the ALJ was obligated to accept Plaintiff's pain testimony as true. *Id.* Plaintiff asks the Court to overturn the ALJ's decision, because the ALJ simply adopted his previous rulings on Plaintiff's physical impairment without reevaluating Plaintiff's physical impairment in light of Plaintiff's pain testimony. *See* AR 311.

5
Case No.: 10-CV-03636-LHK
ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

The ALJ, by contrast, interpreted the remand as follows: "the Ninth Circuit directed the undersigned to issue a new decision re-evaluating the severity of the claimant's mental impairments and the issue of whether the claimant suffered from any mental disability . . . and accepting the claimant's pain testimony as true in evaluating the severity of her mental impairments." AR 307.  The ALJ stated that: "The specific issue is whether a reconsideration of the severity of the claimant's psychiatric impairments and chronic pain -- when considered in conjunction with the exertional limitations contained in the prior ALJ decision and specifically upheld by the United States District Court and the Ninth Circuit Court of Appeals -- would reduce her residual functional capacity enough to prevent the claimant from performing her past relevant work or adjusting [sic] other work which exists in significant numbers in the national economy." AR 308.

The Court disagrees with Plaintiff's interpretation of the scope of the Ninth Circuit's remand, and finds that the ALJ interpreted the scope of the remand correctly.  The ALJ's reading of the scope of the remand comports with the Ninth Circuit's order.  As discussed above, the Ninth Circuit affirmed the ALJ's findings regarding Plaintiff's asserted *physical* impairment and remanded for the ALJ to reconsider only his findings regarding Plaintiff's asserted *mental* impairment in light of Plaintiff's pain testimony.  Specifically, the Ninth Circuit "reversed and remanded for reconsideration of the determination of Salmon's *mental capacity* with instructions to accept Salmon's pain testimony as true" because "[t]he level of her pain may have a bearing on her *depression* and overall *mental problems*." *Salmon II*, 113 F. App'x at 116 (emphases added).

That the relevant regulations clearly distinguish between the assessment of physical and mental impairment further supports the ALJ's interpretation of the remand.  For example, the regulations state "[a] limited ability to perform certain *physical* demands of work activity, such as sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions (including manipulative or postural functions, such as reaching, handling, stooping or crouching), may reduce your ability to do past work and other work." 20 C.F.R. § 404.1545(b) (emphasis added).  By contrast, "[a] limited ability to carry out certain *mental* activities, such as limitations in understanding, remembering, and carrying out instructions, and in responding appropriately to

6

supervision, co-workers, and work pressures in a work setting, may reduce your ability to do past work and other work." 20 C.F.R. § 404.1545(c) (emphasis added).

Thus, redetermination of the severity of Plaintiff's *physical* impairment was outside of the scope of the remand. Therefore, the ALJ did not err in adopting his previous determinations as to Plaintiff's physical impairment. *Cf. Mendez-Gutierrez v. Gonzales*, 444 F.3d 1168, 1173 (9th Cir. 2006) (An agency, "like the district court, has no power to expand [the] remand beyond the boundary ordered by [the Ninth Circuit]"). Accordingly, the ALJ's purported failure to reconsider Plaintiff's asserted physical impairment in light of Plaintiff's pain testimony was not reversible error.

### B. The ALJ Articulated Specific and Legitimate Reasons for Discounting Dr. Silverman's Testimony

An ALJ may only reject an examining physician's opinion, where that opinion is contradicted by other evidence in the record, for "specific and legitimate reasons that are supported by substantial evidence in the record." *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008). Plaintiff argues that the ALJ improperly discounted the opinion of Plaintiff's examining physician, Dr. David H. Silverman, Ph.D. without articulating specific and legitimate reasons for doing so. The Court disagrees.

Dr. Silverman evaluated Plaintiff's psychological condition on November 11, 2004. AR 220. Dr. Silverman found that Plaintiff exhibited the following symptoms: "profound[] depress[ion]"; "anergi[a]"; "severe insomnia"; disturbed appetite; "extremely impaired" concentration; problems with short-term memory; daily flashbacks of Plaintiff's 2003 car accident; frequent panic attacks; and auditory hallucinations. AR 220-22. In Dr. Silverman's opinion, Plaintiff suffered from "severe depression, major anxiety disorder, [and] most likely post-traumatic stress disorder." AR 222. As such, Dr. Silverman concluded that Plaintiff's was presently "decompensated" and "cannot work." *Id.*

The ALJ articulated several specific and legitimate reasons for discounting Dr. Silverman's opinion. Specifically, the ALJ found that Dr. Silverman's report was unpersuasive and inconsistent with other evidence in the record including other medical evidence, Plaintiff's neighbor's

7
Case No.: 10-CV-03636-LHK
ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

testimony, and Plaintiff's own testimony. The Court discusses each of the ALJ's articulated reasons in turn.

### 1. Dr. Silverman's Report Was Unpersuasive

The ALJ accorded Dr. Silverman's opinion "little weight" because it was brief and conclusory, based almost entirely on Plaintiff's subjective reports, and Dr. Silverman's examination of Plaintiff took place at Plaintiff's attorney's request. AR 317-18.

The ALJ appropriately considered the brief and conclusory nature of Dr. Silverman's opinion as a reason to discount it. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004). However, the latter two factors -- the lack of objective evidence and the fact that the examination took place at Plaintiff's attorney's request -- would not, on their own, be sufficient reasons to discount Dr. Silverman's Report. *See Huynh v. Astrue*, No. CV-09-5772-JEM, 2010 WL 3749270, at *7 (C.D. Cal. Sept. 20, 2010) ("psychiatric impairments are not as amenable to substantiation by objective laboratory testing as are physical impairments"); *Reddick v. Chater*, 157 F.3d 715, 726 (9th Cir. 1998) ("[I]n the absence of other evidence to undermine the credibility of a medical report, the purpose for which the report was obtained does not provide a legitimate basis for rejecting it."). Nevertheless, the ALJ did not consider these last two factors alone, and thus their consideration was not error. *See, e.g.*, *id.* ("Evidence of the circumstances under which the report was obtained and its consistency with other records, reports, or findings could, however, form a legitimate basis for evaluating the reliability of the report."). As discussed below, the ALJ also discredited Dr. Silverman's opinion because it was inconsistent with other evidence in the record.

### 2. Dr. Silverman's Report was Inconsistent with Other Medical Evidence

An ALJ may discredit evaluating physicians' opinions that are unsupported by the record as a whole or by objective medical findings. The ALJ "accord[ed] less weight to the opinion of Dr. Silverman as it applies to the claimant's baseline mental functional level as affected by her complaints of anxiety, depression, posttraumatic stress symptomatology, and chronic pain because

1   it is less well supported by the evidence in the case record as a whole than the opinions of Dr.

2   Weiss and Dr. Lucilla . . . ." AR 319.[2]

### a. Dr. Weiss

Dr. Laurie Weiss, Ph.D.'s opinion stands in sharp contrast to Dr. Silverman's. Dr. Weiss approved the April 5, 2004 evaluation of Plaintiff's psychological condition conducted by examining psychological assistant Jacklyn Chandler. AR 163-166. Ms. Chandler administered a number of tests, including Rey's memory test, the WAIS-III, the WMS-III, and the Bender-Gestalt-II. AR 165. Dr. Weiss's report noted that Plaintiff appeared to be dressed and groomed adequately, to be alert and oriented in all spheres, and to exhibit clear and coherent speech. AR 164. Unlike Dr. Silverman, Dr. Weiss's report found that Plaintiff's thought process was logical, and that she did not show signs of delusions, hallucinations, or other signs of thought disorder. AR 164. Dr. Weiss's report noted that Plaintiff presented as depressed, but functioning within the average range with no significant deficits. AR 165. Although Dr. Weiss's report noted that Plaintiff appeared to be in physical pain throughout her testing, Dr. Weiss's report found that Plaintiff was able to understand, remember, and carry out simple, detailed, and complex instructions without special or additional supervision; was able to maintain concentration, persistence, and pace for the duration of the evaluation; and was able to interact appropriately with the examiner. AR 164-65. These findings contradict Dr. Silverman's findings that Plaintiff had "extremely impaired" concentration and problems with short-term memory. AR 220-221. Moreover, as discussed below, the findings in Dr. Weiss's report are consistent with and supported by Plaintiff's neighbor's testimony and Plaintiff's own testimony.

"To the extent that a non-treating opinion rests on objective clinical tests, it must be viewed as substantial evidence." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (internal alterations and quotation omitted). Thus, because, as discussed above, the findings in Dr. Weiss's report rested on several objective tests, they constitute substantial evidence.

---

[2] Although the doctor's last name is spelled "Lucilla" in the ALJ opinion, AR 319, in the doctor's report his name is spelled "Lucila." AR 169. The Court adopts the spelling in the report.

9
Case No.: 10-CV-03636-LHK
ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Nevertheless, Plaintiff objects to the ALJ's reliance on Dr. Weiss's report. According to Plaintiff, Dr. Weiss did not assume the accuracy of Plaintiff's pain testimony, as required by the Ninth Circuit's remand, and thus Dr. Weiss's opinion has "no value." Reply 4. Second, Dr. Weiss did not use either use the "Serial Sevens" or "Serial Threes" test to diagnose Plaintiff's concentration, persistence, or pace.[3] Both of these objections are without merit.

The Ninth Circuit's remand did not require the ALJ to discredit all medical opinions that failed to explicitly take Plaintiff's pain testimony as true. Indeed, the Ninth Circuit explicitly approved of the ALJ's reliance on the testimony of Dr. Salamacha, M.D., even though there is no evidence that Dr. Salamacha assumed the accuracy of Plaintiff's pain testimony. *See Salmon II*, 309 Fed. App'x. at 115. Moreover, Dr. Weiss's opinion is based on objective testing measuring the mental capabilities of Plaintiff. Plaintiff's test performance reflected Plaintiff's mental capabilities at the time of her evaluation and therefore took into account Plaintiff's pain at the time.

Plaintiff cites no authority to support her argument that a failure to use "Serial Threes" or "Serial Sevens" robs a medical diagnosis of its legitimacy, and this Court can find no such requirement in the regulation itself. Indeed, the regulation merely lists "Serial Threes" or "Serial Sevens" as examples of tests used to assess concentration. *See* 20 C.F.R. pt. 404, subpart P, app. 1 § 12.00(c)(3) ("On mental status examinations, concentration is assessed by tasks *such as* having you subtract serial sevens or serial threes from 100.") (emphasis added). Thus, the regulation leaves open the possibility that other objective tests can be used to validly assess concentration.

As such, Plaintiff has failed to show that the ALJ's reliance on Dr. Weiss's opinion was impermissible or unsupported by substantial evidence. Accordingly, the Court finds that the ALJ properly considered Dr. Weiss's opinion and that Dr. Silverman's opinion's inconsistency with Dr. Weiss's opinion was a legitimate and specific reason, supported by substantial evidence, for discounting Dr. Silverman's opinion.

---

[3] "Serial Sevens" and "Serial Threes" refer to a type of test to assess concentration, whereby the subject subtracts serial sevens or serial threes from 100. *See* 20 C.F.R pt. 404, subpart P, app. 1 § 12.00(C)(3) (emphasis added).

10
Case No.: 10-CV-03636-LHK
ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

### b. Dr. Lucila

The ALJ found that the opinion of Dr. Lucila -- a non-treating, non-examining, state agency medical consultant -- and Dr. Weiss's opinion were "mutually supporting and well supported by the evidence in the case record as a whole." AR 319. "The weight afforded a non-examining physician's testimony depends 'on the degree to which they provide supporting explanations for their opinions.'" *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1201 (9th Cir. 2008) (quoting 20 C.F.R. § 404.1527(d)(3)).

On June 4, 2004, Dr. Lucila reviewed all of the existing evidence on the record, which at the time included Dr. Weiss's report, but did not include Dr. Silverman's opinion. AR 167-69. Without providing any analysis or explanation, Dr. Lucila merely concluded that there was "no medically determinable psych impairment." AR 169.

Thus, because it provided no supporting explanation, Dr. Lucila's report was entitled to little weight. *Ryan*, 528 F.3d at 1201. However, because Dr. Lucila's opinion was consistent with Dr. Weiss's opinion and consistent with other record evidence, the opinion is additional, albeit a weak, reason to discredit Dr. Silverman's opinion. *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir.1999) (an ALJ may rely on the opinion of a non-examining, non-treating physician to discredit an examining physician only when the non-examining physician's opinion is supported by and consistent with the other evidence in the record).

Plaintiff also seeks to discredit Dr. Lucila's opinion because it did not assume the accuracy of Plaintiff's pain testimony. Reply 4. However, because Dr. Lucila's opinion relied on the opinion of Dr. Weiss, Plaintiff's argument is unpersuasive as to Dr. Lucila's opinion for the same reasons it was unpersuasive as to Dr. Weiss's opinion. Accordingly, the fact that Dr. Lucila's report contradicted Dr. Silverman's opinion was a legitimate and specific reason, supported by substantial evidence, for discounting Dr. Silverman's report.

### 3. Dr. Silverman's Report Was Inconsistent with Plaintiff's Neighbor's Testimony

Dr. Silverman's opinion also conflicted with Plaintiff's neighbor's testimony. Plaintiff's neighbor, Ms. Bajarin, acknowledged that Plaintiff had difficulty with memory and concentration. AR 77. However, Ms. Bajarin also testified that Plaintiff was able to follow written and spoken

instructions, handle stress, get along with authority figures, and handle changes in routine. *Id*. at 78-79. These latter statements contradict Dr. Silverman's findings regarding Plaintiff's mental capacity and are supported by Dr. Weiss's findings. Accordingly, Dr. Silverman's inconsistency with Plaintiff's neighbor's testimony is a further legitimate and specific reason, supported by substantial evidence, for discounting Dr. Silverman's opinion.

### 4. Plaintiff's Own Testimony Contradicted Dr. Silverman's Opinion

Plaintiff's own testimony also contradicted Dr. Silverman's opinion and supported Dr. Weiss's findings. The ALJ noted the following aspects of Plaintiff's testimony:

- while Plaintiff testified that she could not remember things like she used to, she also testified that she could keep appointments and perform other tasks as long as she wrote things down. AR 258, 313, 485-86.
- while Plaintiff testified that she was frightened of riding as a passenger in a car, she also testified that she regularly drove herself. AR 259, 313.
- Plaintiff testified that she could perform all of her own self-care, drive to the grocery store a few times each month, attend church weekly, barbecue meals for herself five times a week, and perform chores such as dusting. AR 264, 313, 476-77, 479-50.
- while Plaintiff testified that she had memory and concentration problems, she also testified that this may be due to her age. AR 258, 313, 485.

The fact that Plaintiff could remember things she wrote down, was able to drive herself, and was able to perform all of her self-care was inconsistent with Dr. Silverman's findings regarding Plaintiff's mental capabilities and supported Dr. Weiss's findings. Accordingly, Plaintiff's own testimony's inconsistency with Dr. Silverman's report was a legitimate and specific reason, supported by substantial evidence, for discounting Dr. Silverman's opinion.

In conclusion, when weighing the evidence regarding Plaintiff's mental impairment, the ALJ did not err in giving Dr. Silverman's report relatively less weight than Dr. Weiss's opinion and other evidence in the record. The ALJ gave several legitimate and specific reasons, supported by substantial evidence, for discounting Dr. Silverman's testimony.

12

Case No.: 10-CV-03636-LHK
ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

### 5. The ALJ Properly Weighed the Evidence Relating to Plaintiff's Mental Impairment

As stated above, the focus of the Court's review at step four of the ALJ's five step analysis is whether Plaintiff's residual functional capacity precluded Plaintiff from performing work that she had done in the past. The ALJ determined that Plaintiff's anxiety, depression, and chronic pain caused only a mild restriction on her ability to understand, remember, and carry out the highly complex and detailed tasks of skilled work; a mild restriction on her ability to maintain the attention and concentration necessary to perform the highly complex and detailed tasks characteristic of skilled work; and a mild restriction in her ability to cope with work stress attendant to skilled work. AR 310, 318-19. Thus, the ALJ determined that Plaintiff retained the residual capacity to perform her previous job as an office manager. AR 319. Accordingly, the ALJ concluded that Plaintiff was not disabled and therefore not entitled to disability insurance benefits.[4]

Plaintiff argues that the ALJ erred in weighing the evidence relating to Plaintiff's mental impairment in determining: (1) Plaintiff's residual capacity, and (2) her ability to perform her previous work. The Court disagrees.

In assessing a claimant's residual functional capacity, the ALJ must assess all evidence, including the claimant's medical reports, to determine what capacity a claimant has for work despite her medical impairment(s). 20 C.F.R. § 404.1545(a). The ALJ may resolve disputes in contradicted medical evidence. *Magallanes*, 881 F.2d at 750.

The ALJ properly weighed all of the evidence in determining Plaintiff's residual functional capacity. As discussed above, the ALJ gave specific and legitimate reasons, supported by substantial evidence, for discounting Dr. Silverman's opinion. Thus, it was within the ALJ's discretion to find that Dr. Weiss's opinion, which was supported by objective testing and supported by the record as a whole, was more reliable than Dr. Silverman's opinion. Further, it was within the ALJ's discretion to find that Plaintiff's testimony concerning her daily activities, and her neighbor's testimony concerning Plaintiff's ability to interact with the world, supported a finding that Plaintiff was more functional than Plaintiff alleged or that Dr. Silverman found. *See Verduzco*

---

[4] The ALJ also held, in the alternative, that Plaintiff was able to perform other jobs, and thus would not be disabled under step five. AR 319. However, as this Court upholds the ALJ's step four analysis, the Court does not address step five.

13
Case No.: 10-CV-03636-LHK
ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

*v. Apfel*, 188 F.3d 1087, 1090 (9th Cir. 1999). By highlighting contrary evidence, including that of another examining doctor, and specifically weighing this evidence against Dr. Silverman's report, the ALJ properly weighed the conflicting evidence regarding Plaintiff's residual functional capacity.

The Court next examines whether, given Plaintiff's residual functional capacity, the ALJ erred in finding that Plaintiff was able to perform her past work. Plaintiff bears the burden of proving she could no longer perform her past work during the relevant period. *Pinto v. Massanari*, 249 F.3d 840, 845 (9th Cir. 2001). The ALJ considered whether Plaintiff's residual functional capacity allowed her to perform work as an office manager, which is skilled and requires a sedentary exertion level. AR 319 (citing Dictionary of Occupational Titles ("DOT") title 186.117-034), 372. According to the DOT, this job requires reasoning, math, language, writing, speaking, and people skills. DOT title 186.117-034, D.'s Mot. 12. The ALJ found that, even taking Plaintiff's pain testimony as true, Plaintiff's anxiety and depression resulted in only mild mental limitations. AR 319. Thus, the ALJ determined that Plaintiff's mental capacity was sufficient to perform skilled work generally, and Plaintiff's former job as an office manager specifically. As such, the ALJ concluded that during the relevant time period, Plaintiff was able to perform her past job as an office manager. As discussed above, there is substantial evidence to support the ALJ's conclusion that Plaintiff suffered only mild mental limitations, and therefore to support the ALJ's conclusion that Plaintiff was not disabled.

Plaintiff contends that the ALJ erred because a vocational expert ("VE") did not provide DOT numbers for any of the Plaintiff's past relevant work. Pl.'s Mot. 12. The Court finds this irrelevant in reviewing the ALJ's step four analysis because the ALJ did not rely upon the vocational expert in his most recent decision. The ALJ obtained the physical and mental requirements for Plaintiff's past relevant work from Plaintiff's own description of her duties in her various positions. *See* AR 362-371. Moreover, the determination at step four that a claimant could return to past relevant work need not be supported by vocational testimony. *See Crane v. Shalala*, 76 F.3d 251, 255 (9th Cir. 1996). Thus, the ALJ did not err by failing to require the VE to provide DOT numbers for any of the Plaintiff's past relevant work.

14

Finally, Plaintiff contends that Dr. Weiss's report actually supports a finding that Plaintiff could not perform her past work. *Id.* at 13. In particular, Dr. Weiss measured Plaintiff's IQ at 91, in the 27th percentile, while the DOT descriptions relied on by the ALJ require a learning ability in the top third of the population, excluding the top 10%, for the position of office manager. DOT title 186.117-034; D.'s Mot. 13. Although Plaintiff's IQ level, as determined by Dr. Weiss, does not paint a picture of perfect mental health and cuts against a finding of nondisability, there is nonetheless substantial evidence supporting the ALJ's finding of nondisability. Dr. Weiss's conclusions as to Plaintiff's abilities to concentrate and perform complex tasks are sufficient to support the ALJ's finding of nondisability. In the end, it is the ALJ's task, and not this Court's task, to resolve ambiguities in the evidence. *See, e.g.*, *Magallanes*, 881 F.2d at 750. Thus, because the ALJ's decision both applied the correct legal standard and was supported by substantial evidence, the Court AFFIRMS.

**IV.     Order**

(1) Plaintiff's Motion for Summary Judgment is DENIED;

(2) Defendant's Motion for Summary Judgment is GRANTED;

(3) The Clerk of the Court shall close this file.

**IT IS SO ORDERED.**

Dated: March 48, 2012

_____
LUCY H. KOH
United States District Judge